IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Demetrius Jenkins, | ) | C/A No. 0:13-2344-TMC-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security,[1] | ) | |
| Defendant. | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Demetrius Jenkins, brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.



for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the ALJ to consider, in sequence:

    (1)    whether the claimant is engaged in substantial gainful activity;

    (2)    whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform his past relevant work; and

    (5)    whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 416.920(a)(4).[2] However, Step One is not used for redetermining disability benefits at age eighteen. 20 C.F.R. § 4163987(b). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 416.920(h).



1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## ADMINISTRATIVE PROCEEDINGS

Jenkins received SSI based on his disability as a child. Upon reaching the age of eighteen, Jenkins's eligibility for benefits was reevaluated, and Jenkins was determined to no longer be disabled as of January 1, 2011. This determination was upheld on reconsideration following a hearing before a Disability Hearing Officer. Jenkins then requested a hearing before an administrative law judge ("ALJ"). A hearing was held on October 30, 2012 at which Jenkins appeared and testified and was represented by Margaret Sparrow, a non-attorney representative and Jenkins's legal guardian. After hearing testimony from a vocational expert, the ALJ issued a decision on December 13, 2012 finding that Jenkins's disability ended on January 1, 2011, and he had not become disabled again since that date. (Tr. 15-23.)

In applying the sequential process, the ALJ found that Jenkins attained age eighteen in March 2010 and was eligible for SSI as a child for the month preceding the month in which he attained age eighteen. Jenkins was notified that he was found no longer disabled as of January 1, 2011 based on a redetermination of disability under the rules for adults who file new applications. The ALJ determined that, since January 1, 2011, Jenkins's oppositional defiant disorder, conduct disorder, and borderline intellectual functioning were severe impairments. However, the ALJ found that Jenkins did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that, since January 1, 2011, Jenkins retained the residual functional capacity



>to perform a full range of work at all exertional levels but with the following non-exertional limitations: he is limited to simple unskilled work that involves only occasional exposure to the public.

(Tr. 18.) The ALJ found that Jenkins had no past relevant work, but also found that, since January 1, 2011, there were jobs that existed in significant numbers in the national economy that Jenkins could perform. Therefore, the ALJ found that Jenkins's disability ended on January 1, 2011 and that he had not become disabled again since that date. Jenkins submitted additional evidence to the Appeals Council, which denied his request for review on June 28, 2013, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



## ISSUES

Jenkins raises the following issues for this judicial review:

I.  The Plaintiff's application for benefits should be remanded for administrative consideration of new opinion evidence which was submitted to the Appeals Council[.]

II. Jenkins has an additional severe impairment of attention deficit disorder with hyperactivity that was not properly considered by the ALJ[.]

(Pl.'s Br., ECF No. 18.)

## DISCUSSION

As explained by Jenkins in his brief, his first issue stems from the fact that after the ALJ's decision, Jenkins submitted new opinion evidence to the Appeals Council consisting of an Eligibility Determination Letter from the South Carolina Department of Disabilities and Special Needs ("DDSN") Consumer Assessment Team dated April 18, 2013. The letter indicates that Jenkins was referred for re-evaluation of eligibility for DDSN services. It further states that

> [p]er file information, he and his family have an extensive history of DSS involvement as well as his mother receiving DDSN services. He has a long standing behavioral presentation of ADHD, self-injurious, and aggressive behavior. He reportedly had developmental issues and . . . attended special education classes with poor academic performance. He also needed more supervision and he functioned at a lower level than his peers. Psychological testing in Oct. 2012 revealed a VABS-II Composite of 33. In April 2013, [Jenkins] produced a valid test protocol on the WAIS-IV and he obtained a FSIQ of 55. Therefore, given his test scores and overall functioning, he is eligible for services under the Intellectual Disability/Mental Retardation category.

(Tr. 346.) According to Jenkins, the new evidence warrants remand for further consideration by the ALJ under controlling law. In light of the circumstances and contents of this record, the court is constrained to agree that remand is warranted.



The United States Court of Appeals for the Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision." Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011).  In determining whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' " Id. at 704 (alterations in original) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*)).  If the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted. Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits).  The Meyer Court recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence. See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

In this case, the ALJ found that "[a]lthough the claimant was previously found disabled based on his mental impairments, there is insufficient evidence to overturn State Agency redetermination findings."  (Tr. 19.)  In reaching this conclusion, the ALJ discussed a consultative psychological evaluation by John Whitely, Ph.D.; medical records from Lexington County Community Mental Health Center and Dr. Judith Treadway; an evaluation by DDSN subsequent to Jenkins's hearing before the ALJ; and the findings of the state agency record reviewers.  With regard to the DDSN evaluation before the ALJ, the ALJ observed that the purpose of the evaluation was to determine

whether Jenkins met the requirements for services for individuals with intellectual disability or related disabilities. Specifically, the ALJ found that the evaluation "suggested that the claimant gave minimal effort and scores he achieved on various tests were determined to be an underestimate of his ability. It was also noted that a recent evaluation indicated that he did not meet criteria for a diagnosis of Autism. It was impossible to tell if he had an intellectual impairment, if mental health issues interfered with his test performance, or if he was malingering." (Tr. 20-21.) Jenkins argues that the newly submitted evidence addresses the ALJ's concerns that the evaluation performed by the DDSN was an underestimate of Jenkins's ability. Furthermore, the examiner at the first evaluation recommended that Jenkins "be further evaluated for mental health problems and that an intellectual evaluation be administered at a later date when [Jenkins] may be better able to cooperate with testing." (Tr. 335; see also Tr. 328 (DDSN Eligibility Determination Letter dated October 30, 2012)).

The new evidence indicates that Jenkins completed a valid evaluation with a full scale IQ score of 55 and is eligible for services under the Intellectual Disability/Mental Retardation category. As stated above, the Appeals Council is not required to explain its reasoning in denying review. However, the court cannot tell whether the Commissioner's decision is supported by substantial evidence based on the circumstances of this case because the Appeals Council did not provide any explanation for its finding that the additional evidence did not provide a basis for changing the ALJ's decision. Specifically, the court finds that the ALJ may well change his opinion in light of the additional evidence from DDSN. See Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*) ("Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome."). This is especially so in light of the fact that the

IQ score, if accepted, would impact the ALJ's evaluation of Listing 12.05(c) and Jenkins's eligibility for continued benefits. Although the Commissioner argues that the DDSN letter, without information on who conducted the IQ test, the objective data from the test, and any clinical observations, does not meet the regulatory requirements for a valid IQ score, the court nonetheless is constrained to recommend that this matter be remanded. These issues can be addressed on remand and, if needed, Jenkins should submit the additional evidence pertaining to the IQ test for initial evaluation by the Commissioner.

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Jenkins's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Jenkins may present his remaining arguments concerning the ALJ's alleged failure to consider Jenkins's attention deficit disorder with hyperactivity a severe impairment and the ALJ's residual functional capacity assessment on remand.

## RECOMMENDATION

For the foregoing reasons, the court finds that remand is warranted pursuant to Meyer and therefore recommends that this matter be remanded to the Commissioner so that the ALJ can consider the additional evidence.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 6, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).