IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Demetrius Jenkins, | ) | |
| | ) | C/A No. 0:13-cv-2344-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Demetrius Jenkins' ("Jenkins") motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 28). In support of his motion, Jenkins asserts that he is the prevailing party in this action for social security disability benefits and that the Commissioner's position in this litigation was not substantially justified. (ECF No. 28). The Commissioner has responded stating she does not object to Jenkins' request for attorney's fees. (ECF No. 29).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[1] The district courts have discretion to determine a reasonable fee award and whether that award should

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to sentence four.

be made in excess of the statutory cap. *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Applying this standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Therefore, after a thorough review of the record in this case, the court finds that Jenkins has made a proper showing under the EAJA and, therefore grants his motion for attorney's fees.

Jenkins seeks an hourly rate in excess of $125 per hour to adjust for an increase in the cost of living allowance. Specifically, Jenkins seeks an award of $188.75 per hour for 18.8 attorney hours ($3,548.50), plus $7.00 in costs and $16.00 for expenses. The Commissioner has not objected to Jenkins's calculation of the hourly rate and the court finds the calculation reasonable.

Based on the foregoing, and after considering the briefs and materials submitted by the parties, Jenkins' motion for attorney's fees (ECF No. 28) is **GRANTED.** Accordingly, Jenkins is

awarded $3,548.50 in attorney's fees, $16.00 in expenses, and $7.00 for costs,[2] for a total award of $3,571.50.[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 10, 2015
Anderson, South Carolina

---

[2]Costs are paid from the Judgment Fund, rather than from agency funds. *See* 28 U.S.C. § 2412 (c)(1), 2414.

[3]The court notes that these fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).